UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

FILED

CONNIE STEELMAN, individually,

Plaintiff,

v.

RINGHAVER FUNDING, LLC, a Florida for profit company,

Defendant.

2011 AUG -3 PM 2: 53

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

Case No. 6:11cv1283-Orl-22KRS

## COMPLAINT
(Injunctive Relief Demanded)

Plaintiff, CONNIE STEELMAN, individually, on her behalf and on behalf of all other individuals similarly situated, (sometimes referred to as "Plaintiff"), hereby sues the Defendant, RINGHAVER FUNDING, LLC, a Florida for profit company, (sometimes referred to as "Defendant"), for Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA") and Florida Accessability Code ("FAC").

1. Plaintiff is a Florida resident, lives in Martin County, is sui juris and qualifies as an individual with disabilities as defined by the ADA. Plaintiff is primarily bound to ambulate in a wheelchair.

2. Defendant's property, Champions World Resort, 8660 W. Irlo Bronson Hwy., Kissimmee, Florida 34747, is located in the County of Osceola.

3. Venue is properly located in the Middle District of Florida because venue lies in the judicial district of the property situs. The Defendant's property is located in and does business within this judicial district.

4. Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. See also 28 U.S.C. § 2201 and § 2202.

5. Plaintiff has visited the property which forms the basis of this lawsuit and plans to return to the property to avail herself of the goods and services offered to the public at the property, and to determine whether the property has been made ADA and FAC compliant. The Plaintiff has encountered architectural barriers at the subject property which discriminate against her on the basis of his disability and have endangered his safety. These barriers also prevent Plaintiff from returning to the property to enjoy the goods and services available to the public.

6. Plaintiff has suffered and will continue to suffer direct and indirect injury as a result of the Defendant's discrimination until the Defendant is compelled to comply with the requirements of the ADA and FAC. Plaintiff is deterred from, and is denied the opportunity to participate and benefit from the goods, services, privileges, advantages, facilities and accommodations at Defendant's property equal to that afforded to other individuals. Plaintiff is aware that it would be a futile gesture to attempt to visit Defendant's property if he wishes to do so free of discrimination.

7. Defendant owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. Defendant is responsible for complying with the obligations of the ADA. The place of public

accommodation that the Defendant owns, operates, leases or leases to is known as Champions World Resort, 8660 W. Irlo Bronson Hwy., Kissimmee, Florida 34747.

8. Plaintiff has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA and FAC with respect to this property as described but not necessarily limited to the allegations in paragraph 10 of this Complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendant. Plaintiff desires to visit Champions World Resort not only to avail herself of the goods and services available at the property but to assure herself that this property is in compliance with the ADA and FAC so that he and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

9. The Defendant has discriminated against the Plaintiff by denying her access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the subject property, as prohibited by 42 U.S.C. § 12182 et seq.

10. The Defendant has discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA and FAC by failing to, inter alia, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A preliminary inspection of Champions World Resort has shown that violations exist. These violations include, but are not limited to:

### Exterior Site and Parking

There are ramps projecting into the accessible parking spaces in violation of ADAAG 4.6.3. There is a change of level exceeding 1/4" from the side walk to the existing entrance in

violation of 4.5.2. The owner has tried to correct these entrances by installinf a piece of flat stock plastic at each of the entrance doors.

Where buildings have multiple entrances, accessible parking shall be dispersed and located closest to the building entrance per ADAAG 4.6.3. The parking spaces on the overall site are not dispersed properly in violation of ADAAG 4.6.3.

Some of the ramps provided have slopes exceeding 1:12 maximum in violation of ADAAG 4.8.2.

There are many areas in the facility that have cross slopes that exceed the slope requirements of ADAAG 4.3.

There are many areas of the facility that do not have accessible routes to the recreation areas as required by ADAAG.

The facility does not have a sufficient amount of accessible parking space in relation to total parking space in violation of ADAAG 4.1,

### Access to Goods and Services

There is not the correct amount of accessible rooms based off the total amount of rooms in violation of the ADAAG.

The hotel does not have a sufficient amount of rooms with roll-in showers in violation of ADAAG 9.1.2 (Fig. 57).

The accessible rooms do not have permanent visual room notification devices in violation of ADAAG 9.1.3.

The accessible rooms do not have peep holes mounted at the proper location in violation of ADAAG.

Tub seats are not installed as required by the ADAAG or of size required by ADAAG 4.20.3 and figure 33.

The rooms are not dispersed based on room size, cost, amenities provided and the number of beds provided. Each different type of room based on cost is not made accessible (king rooms, double bed rooms, and suites).

The doors in many of the areas are not automatic or power assisted and do not have a maneuvering space relative direction per fig. 25 in violation of ADAAG 4.13.6.

Where the requirement is that at least 5% of fixed tables provided in the entire facility are required to be accessible, the seating in the facility does not have proper knee clearance of at least 19". Tables have stationary seats. There is not at least 30" x 48" of clear floor space adjacent to the table so a person with a disability could not use the table. Such provisions are in violation of ADAAG 5.1, 4.1.3.18, 4.32.2 and 4.32.4.

There is less than 19" of the 30 x 48" clear space measured under the table in violation of ADAAG 4.32.2 and 4.32.

Counters are provided for sales or distribution of goods or services to the public. Not at least one of each type of counter has a portion which is at least 36" (915mm) in length with a maximum height of 36" (915 mm) above the finished floor in violation of ADAAG 7.3.

The public accommodation has not made reasonable modifications in policies practices or procedures when necessary to afford goods services facilities, privileges, and advantages. This includes movable tables in violation of Section 36.302 28 CFR Part 36.

### Restroom

There are permanently designated interior and exterior spaces without proper signage in violation of ADAAG 4.15.

There are restrooms provided for public use without the required disabled use elements in violation of several sections of the ADAAG.

The signs which designate toilet/bath rooms do not comply with ADAAG 4.30.4, 4.30.5 and 4.30.6 and are in violation of ADAAG 4.1.3.16.

Signage is not mounted 60" above the floor and on the latch side so that when a person approaches the door within 3", he/she will not encounter the swing of the door in violation of ADAAG 4.30.6.

The door hardware on the restroom door does not have a shape that is easy to grasp with one hand and does not require tight grasping, tight pinching, or twisting of the wrist to operate.

The doors are not automatically power assisted and do not have the maneuvering space in relative direction required per fig. 25 of ADAAG 4.13.6.

11. The discriminatory violations described in paragraph 10 are not an exclusive list of the

 Defendant's ADA and FAC violations. Plaintiff requires the inspection of the

5

Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and FAC and all of the barriers to access. The Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendant's buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA and FAC violations, as set forth above. The Plaintiff and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA and FAC as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act and FAC.

12. Defendant has discriminated against the Plaintiff by denying her access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, the Defendant continues to discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

13. Plaintiff is without adequate remedy at law and is suffering irreparable harm. Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

14. Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA and FAC.

15. Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiff or waived by the Defendant.

16. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendant to alter Champions World Resort to make those facilities readily accessible and useable to the Plaintiff and all other

persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendant cures its violations of the ADA.

**WHEREFORE,** Plaintiff respectfully requests:

a. The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. and FAC.

b. Injunctive relief against the Defendant including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA and FAC; and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such stops that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

c. An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

d. Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Respectfully Submitted,

Barbra R. Joyner, Esq., Of Counsel
Thomas B. Bacon, P.A.
1470 E. Michigan St.
Orlando, FL 32806
Email: bjoyneresq@aol.com
Phone: (407) 481-7997
Fax: (407) 481-7986
Florida Bar. Id. No. 141348
By: /s/ Barbra R. Joyner, Esq.
     Barbra R. Joyner, Esq.

Thomas B. Bacon, Esq.
Thomas B. Bacon, P.A.
4868 S.W. 103rd Ave.
Cooper City, FL 33328'
Email: tbb@thomasbaconlaw.com
Phone: (954) 478-7811
Fax: (954) 237-1990
Florida Bar. Id. No. 139262
By: /s/ Thomas B. Bacon, Esq.
     Thomas B. Bacon, Esq.