UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**CONNIE STEELMAN,**

**Plaintiff,**

**-vs-** **Case No. 6:11-cv-1283-Orl-22KRS**

**RINGHAVER FUNDING, LLC,**

**Defendant.**

---

# ORDER

This cause comes before the Court on Defendant Ringhaver Funding, LLC's ("Defendant") Motion to Dismiss Complaint or in the Alternative for a More Definite Statement and Memorandum of Law in Support Thereof (Doc. No. 11), filed on September 23, 2011, and Plaintiff Connie Steelman's ("Plaintiff") Response to Defendant's Motion to Dismiss or in the Alternative for a More Definite Statement (Doc. No. 14), filed October 21, 2011.

## I. BACKGROUND

On August 3, 2011, Plaintiff filed a Complaint ("Complaint") against Defendant, alleging Defendant violated the American with Disabilities Act (ADA) and the Florida Accessibility Code (FAC). (Doc. No. 1 at ¶¶ 4-6). Specifically, Plaintiff, an individual with disabilities as defined by the ADA who primarily ambulates with the aid of a wheelchair, alleges that she visited Defendant's property, Champions World Resort, "to avail herself of the goods and services offered to the public at the property." (*Id.* ¶¶ 1-2, 5-6). Plaintiff alleges that she was

unable to avail herself of the goods and services because of alleged architectural barriers by which Defendant discriminated against her based on her disability and endangered her safety. (*Id.* at ¶¶ 5-8). To remedy her alleged harm, Plaintiff seeks an injunction, pursuant to 42 U.S.C. § 12188, ordering the Defendant to remove the alleged "existing architectural barriers to the physically disabled." (*Id.* at ¶¶ 14, 16). Depending on whether an alteration to Defendant's facility occurred since January 26, 1992, Plaintiff, in the alternative, seeks an injunction ordering Defendant to ensure to the maximum extent feasible that "altered portions of the facility are readily accessible to and useable by individuals with disabilities." (*Id.*). Additionally, if Defendant's facility was designed and constructed for first occupancy after January 26, 1993, Plaintiff seeks an order requiring that Defendant's facility be made readily accessible to and useable by individuals with disabilities as defined by the ADA and FAC. (*Id.*). Plaintiff, pursuant to 42 U.S.C. § 12205, also seeks recovery of attorney's fees, costs, and litigation expenses. (*Id.* at ¶ 13).

To support her allegations of physical barriers, Plaintiff alleges various violations of the Americans with Disabilities Act Accessibility Guidelines; however, Plaintiff fails to specify how she was harmed by these violations or the exact locations of these violations. (*Id.* at ¶ 10). Instead, Plaintiff uses general phrases such as "[s]ome of the ramps provided have slopes exceeding 1:12 maximum;" "[t]here are many areas of the facilities that do not have accessible routes to the recreation areas;" or "[t]he doors in many of the areas are not automatic or power assisted." (*Id.*). Plaintiff also does not describe incidents in which she specifically confronted any of these alleged barriers.

In its motion to dismiss, Defendant argues, *inter alia*, that Defendant lacks standing to seek injunctive relief because, based on the Plaintiff's allegations, there is no real and immediate threat of future injury to the Plaintiff. (Doc. No. 11 at pp. 8-9). To the contrary, Plaintiff broadly asserts that she has standing to seek injunctive relief because she "intends to return to Defendant's property when all ADA violations are remedied and Plaintiff can enjoy the property and the goods and services offered therein." (Doc. No. 14 at ¶ 6).[1]

## II. LEGAL STANDARD AND ANALYSIS

### *A. Standard for Motion to Dismiss Pursuant to Rule 12(b)(1)*

The Eleventh Circuit has noted that "because a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case . . . ." *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001). "A motion to dismiss under Rule 12(b)(1) may assert either a factual attack or a facial attack to jurisdiction." *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009) (citations omitted). "A factual attack challenges the existence of subject matter jurisdiction in fact, irrespective of the pleadings," while "[i]n a facial attack . . . the court examines whether the complaint has sufficiently alleged subject matter jurisdiction." *Id.* (internal citation and quotation omitted). Because Defendant at bar is asserting a facial attack, the Court construes the

[1] Defendant also seeks, pursuant to *Federal Rule of Civil Procedure* 12(b), dismissal of Plaintiff's Complaint for failure to state a claim upon which relief can be granted because Defendant argues Plaintiff failed to plead with the requisite specificity. (Doc. No. 11 at ¶¶ 3, 4, 9). In the alternative, Defendant, pursuant to *Federal Rule of Civil Procedure* 12(e), seeks the Court to order Plaintiff to provide a more definite statement. (*Id.* at ¶ 11). Because the Court finds Defendant's motion to dismiss pursuant to *Federal Rule of Civil Procedure* 12(b)(1) dispositive, it does not reach these other arguments.

Complaint in the light most favorable to the Plaintiff and accepts as true all well-pleaded facts alleged, as it does when considering a Rule 12(b)(6) motion. *See id.* (internal citation omitted).

*B. Standard for Standing under Title III of the ADA*

Standing is jurisdictional; therefore, if a court dismisses a case for lack of standing, it has the same effect as a dismissal for lack of subject matter jurisdiction. *Stalley ex. rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008) (per curiam). The party "invoking federal jurisdiction bears the burden of establishing" standing. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). To establish standing, plaintiff must show that: (1) he suffered an injury in fact which is concrete and particularized and actual or imminent; (2) there is a causal connection between the injury and the defendant's alleged conduct; and (3) "it must be 'likely' as opposed to merely 'speculative,' that the injury will be 'redressed by a favorable decision.'" *Id.* at 560-61(citations and internal quotations omitted). Further, when a party seeks injunctive relief, it must also show "a real and immediate—as opposed to a merely conjectural or hypothetical—threat of *future* injury." *Shotz v. Cates*, 256 F.3d 1077, 1081 (11th Cir. 2001) (plaintiff seeking injunctive relief for alleged ADA violations).

When addressing a defendant's motion to dismiss for lack of standing, the court evaluates standing based on the facts of the complaint. *Id.* However, the court "may not 'speculate concerning the existence of standing or piece together support for the plaintiff." *Id.* (citation and internal quotations omitted). Additionally, the standing requirements are not mere pleading requirements and therefore "must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, *i.e.*, with the manner and degree required at the successive stages of litigation." *Defenders of Wildlife*, 504 U.S. at 561.

*C. Plaintiff's Failure to Establish Standing for Injunctive Relief*

In the present case, Defendant argues that Plaintiff fails to plead facts sufficient to show that she will face a "real and immediate" threat of future injury. (Doc. No. 11 at p. 9). In her Complaint, Plaintiff alleges that "Plaintiff has visited the property . . . and plans to return to the property to avail herself of the goods and services offered to the public at the property, and to determine whether the property has been made ADA and FAC compliant." (Doc. No. 1 at ¶ 5). Plaintiff further argues in her response to Defendant's motion to dismiss that she "intends to return to Defendant's property when all ADA violations are remedied and Plaintiff can enjoy the property and the goods and services offered therein." (Doc. No. 14 at ¶ 6). Such allegations and arguments are conclusory and are insufficient to establish a real and immediate threat of future injury. *See Defenders of Wildlife*, 504 U.S. at 564 ("Such 'some day' intentions—without any description of concrete plans, or indeed even any specification of *when* the some day will be—do not support a finding of 'actual or imminent' injury that our cases require.").

As Defendant further argues, Plaintiff lives in Martin County and Champions World Resort is in Osceola County, and Plaintiff has provided no specific plan to return to Defendant's property, has provided no information as to any personal or business connection to the area, and has provided no information as to whether she even visits or passes through the area with frequency or repetition. *See Access for Am., Inc. v. Associated Out-Door Clubs, Inc.*, 188 F. App'x. 818, 819 (11th Cir. 2006) (Barkett, J., dissenting) (noting that ADA plaintiff at least stated an intention to return to a race track in certain months and during certain vacations); (Doc. No. 11 at p. 9). The Court will not speculate as to Plaintiff's standing or cobble together facts to create standing for the Plaintiff. *See Shotz*, 256 F.3d at 1081. Plaintiff fails to allege plausibly

that she intends to return to Defendant's property, and thus her vague claim to do so is merely speculative. Thus, Plaintiff fails to allege a real and immediate threat of future injury required to establish standing in ADA cases seeking injunctive relief.[2]

## III. CONCLUSION

Based on the foregoing, it is **ORDERED** as follows:

1. Defendant's Motion to Dismiss Complaint or in the Alternative for a More Definite Statement and Memorandum of Law in Support Thereof (Doc. No. 11), filed on September 23, 2011, is **GRANTED in part** and **DENIED in part**.

    a. Defendant's Motion is **GRANTED** to the extent Defendant, pursuant to *Federal Rule of Civil Procedure* 12(b)(1), seeks dismissal of Plaintiff's Complaint (Doc. No. 1), filed on August 3, 2011, for lack of standing.

    b. Defendant's Motion is **DENIED** as moot to the extent

[2] As previously stated in *supra* note 1, because the Court finds that Plaintiff fails to allege facts sufficient to establish standing, it does not reach Defendant's motion to dismiss pursuant to *Federal Rule of Civil Procedure* 12(b)(6) nor does it reach Defendant's motion for a more definite statement pursuant to *Federal Rule of Civil Procedure* 12(e). The Court is compelled to note that even if the Court had found that Plaintiff sufficiently established standing in the present action, the Court would have granted Defendant's alternative motion for a more definite statement brought pursuant to Fed. R. Civ. P. 12(e). The Court agrees with Defendant that certain allegations of ADA violations as presented are completely vague and would fail to provide Defendant with sufficient notice of the claims against it. Plaintiff's counsel is advised to consider the above when filing the amended complaint.

Defendant, pursuant to *Federal Rule of Civil Procedure* 12(b)(6), seeks dismissal of Plaintiff's Complaint (Doc. No. 1), filed on August 3, 2011.

c. Defendant's Motion is **DENIED** as moot to the extent Defendant, pursuant to *Federal Rule of Civil Procedure* 12(e), seeks a more definite statement.

2. Plaintiff may file an amended complaint that contains sufficient allegations regarding standing, if Plaintiff can do so consistent with the requirements of *Federal Rule of Civil Procedure* 11, by November 17, 2011. If Plaintiff fails to file an amended complaint by November 17, 2011, the Court will dismiss this case without further notice.

**DONE** and **ORDERED** in Chambers, in Orlando, Florida on October 31, 2011.

ANNE C. CONWAY
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Party