# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**CONNIE STEELMAN,**

**Plaintiff,**

**V.** **Case No: 6:11-cv-1283-Orl-22KRS**

**RINGHAVER FUNDING, LLC,**

**Defendant.**

---

## ORDER

This cause comes before the Court on Defendant Ringhaver Funding, LLC's ("Defendant") Motion to Dismiss Amended Complaint or in the Alternative for a More Definite Statement and Memorandum of Law in Support Thereof (Doc. No. 17), filed on December 1, 2011, and Plaintiff Connie Steelman's ("Plaintiff") Response to Defendant's Motion to Dismiss Amended Complaint or in the Alternative for a More Definite Statement (Doc. No. 20), filed on December 29, 2011.

### I. BACKGROUND

On October 31, 2011, the Court dismissed Plaintiff's Complaint because the Court found Plaintiff lacked standing to bring her action for injunctive relief. (Doc. No. 15). When granting the Plaintiff leave to file an amended complaint, the Court forewarned the Plaintiff to file her amended complaint only if she could do so consistent with the requirements of *Federal Rule of Civil Procedure* 11.

On November 17, 2011, Plaintiff filed her Amended Complaint, alleging that Defendant violated the American with Disabilities Act (ADA) and the Florida Accessibility Code (FAC).

(Doc. No. 16 at ¶¶ 4-6). Specifically, Plaintiff, an individual with disabilities as defined by the ADA who primarily ambulates with the aid of a wheelchair and who is a member of a timeshare network, alleges that she visited Defendant's property, Champions World Resort, numerous times[1] in the last two years for business and personal stays. Notwithstanding, Plaintiff only lists two dates, six days apart in April 2011, on which she visited the Defendant's property. (*Id.* at ¶¶ 1-2, 5). Specifically, Plaintiff alleges that on April 21, 2011, Plaintiff, with her daughter and grandson, visited the Defendant's property for the purposes of an overnight vacation stay. (*Id.* at ¶ 5). Then, on April 27, 2011, Plaintiff alleges that she returned with Thomas Ricci[2] to show him several ADA violations existing on the property. (*Id.*).

Plaintiff alleges that she was unable to avail herself of the goods and services because of alleged architectural barriers by which Defendant discriminated against her based on her disability and endangered her safety. (*Id.* at ¶¶ 5-8). As well, Plaintiff claims that she desires to return to the property to avail herself of its goods and services and to assure that the property is in compliance with the ADA and FAC. (*Id.*). Plaintiff further alleges broadly that, "[w]ithin the next year at a time depending on the availability of a timeshared unit, Plaintiff plans to return to the property for another personal vacation to avail herself of the goods and services offered to the public at the property and to determine whether the property has been made ADA and FAC compliant." (*Id.* at ¶ 5). However, Plaintiff fails to allege that Defendant offers timeshares or is a timeshare facility. (Doc. No. 17 at pp. 7-8).

---

[1] Merriam-Webster Dictionary defines "numerous" as "consisting of great numbers of units or individuals." Two visits do not constitute numerous times. Merriam-Webster Dictionary, http://www.merriam-webster.com/dictionary/numerous.

[2] Plaintiff does not indicate who Thomas Ricci is.

To remedy her alleged harm, Plaintiff seeks an injunction, pursuant to 42 U.S.C. § 12188, ordering the Defendant to remove the alleged "existing architectural barriers to the physically disabled." (Doc. No. 16 at ¶¶ 14, 16). Depending on whether an alteration to Defendant's facility occurred since January 26, 1992, Plaintiff, in the alternative, seeks an injunction ordering Defendant to ensure to the maximum extent feasible that "altered portions of the facility are readily accessible to and useable by individuals with disabilities." (*Id.*). Additionally, if Defendant's facility was designed and constructed for first occupancy after January 26, 1993, Plaintiff seeks an order requiring that Defendant's facility be made readily accessible to and useable by individuals with disabilities as defined by the ADA and FAC.[3] (*Id.*). Plaintiff, pursuant to 42 U.S.C. § 12205, also seeks recovery of attorney's fees, costs, and litigation expenses. (*Id.* at ¶ 13).

In its motion to dismiss, Defendant argues, *inter alia*, that Defendant lacks standing to seek injunctive relief because, based on the Plaintiff's allegations, there is no real and immediate threat of future injury to the Plaintiff. (Doc. No. 17 at pp. 5-7).[4]

## II. LEGAL STANDARD AND ANALYSIS

### A. *Standard for Motion to Dismiss Pursuant to Rule 12(b)(1)*

---

[3] To support her allegations of physical barriers, Plaintiff alleges various violations of the Americans with Disabilities Act Accessibility Guidelines. (*Id.* at ¶ 10). Defendant contends that Plaintiff, in her Amended Complaint, still fails to allege "sufficient facts regarding her specific encounters with the alleged barriers." (Doc. No. 17 at ¶ 11).

[4] Defendant also seeks, pursuant to *Federal Rule of Civil Procedure* 12(b), dismissal of Plaintiff's Complaint for failure to state a claim upon which relief can be granted because Defendant argues Plaintiff failed to plead with the requisite specificity. (Doc. No. 17 at pp. 11-15). In the alternative, Defendant, pursuant to *Federal Rule of Civil Procedure* 12(e), seeks the Court to order Plaintiff to provide a more definite statement. (*Id.* at pp. 15-16). Because the Court finds Defendant's motion to dismiss pursuant to *Federal Rule of Civil Procedure* 12(b)(1) dispositive, it does not reach these other arguments.

The Eleventh Circuit has noted that "because a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case . . . ." *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001). "A motion to dismiss under Rule 12(b)(1) may assert either a factual attack or a facial attack to jurisdiction." *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009) (citations omitted). "A factual attack challenges the existence of subject matter jurisdiction in fact, irrespective of the pleadings," while "[i]n a facial attack . . . the court examines whether the complaint has sufficiently alleged subject matter jurisdiction." *Id.* (internal citation and quotation omitted). Because Defendant at bar is asserting a facial attack, the Court construes the Complaint in the light most favorable to the Plaintiff and accepts as true all well-pleaded facts alleged, as it does when considering a Rule 12(b)(6) motion. *See id.* (internal citation omitted).

B. *Standard for Standing under Title III of the ADA*

As the Court explained in its previous order dismissing Plaintiff's Complaint, standing is jurisdictional; therefore, if a court dismisses a case for lack of standing, it has the same effect as a dismissal for lack of subject matter jurisdiction. *Stalley ex. rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008) (per curiam). The party "invoking federal jurisdiction bears the burden of establishing" standing. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). To establish standing, plaintiff must show that: (1) he suffered an injury in fact which is concrete and particularized and actual or imminent; (2) there is a causal connection between the injury and the defendant's alleged conduct; and (3) "it must be 'likely' as opposed to merely 'speculative,' that the injury will be 'redressed by a favorable decision.'" *Id.* at 560-61(citations and internal quotations omitted). Further, when a party seeks injunctive relief, it must

also show "a real and immediate—as opposed to a merely conjectural or hypothetical—threat of *future* injury." *Shotz v. Cates*, 256 F.3d 1077, 1081 (11th Cir. 2001) (plaintiff seeking injunctive relief for alleged ADA violations).

When addressing a defendant's motion to dismiss for lack of standing, the court evaluates standing based on the facts of the complaint. *Id.* However, the court "may not 'speculate concerning the existence of standing or piece together support for the plaintiff." *Id.* (citation and internal quotations omitted). Additionally, the standing requirements are not mere pleading requirements and therefore "must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, *i.e.*, with the manner and degree required at the successive stages of litigation." *Defenders of Wildlife*, 504 U.S. at 561.

*C. Plaintiff's Failure to Establish Standing for Injunctive Relief*

In the present case, Defendant argues that Plaintiff fails to plead facts sufficient to show that she will face a "real and immediate" threat of future injury. (Doc. No. 17 at p. 7). In her Complaint, Plaintiff, a resident of Martin County, Florida,[5] alleges that she is a member of a timeshare network and that "[w]ithin the next year at a time depending on the availability of a timeshared unit, Plaintiff plans to return to the property for another personal vacation to avail herself of the goods and services offered to the public at the property and to determine whether the property has been made ADA and FAC compliant." (Doc. No. 16 at ¶¶ 1, 5). However, Defendant argues that Plaintiff never alleges that Defendant is a timeshare facility or that it even offers timeshares, causing Plaintiff's threat of future injury to be merely conjectural or hypothetical. (Doc. No. 17 at pp. 7-8). Moreover, Plaintiff failed to respond to this argument and

[5] Martin County is located in the southern region of Florida while Defendant's property is in Osceola County, which is located in the central region of Florida.

never asked for leave to amend. (*See* Doc. No. 20). Thus, Plaintiff's allegations and arguments are conclusory and are insufficient to establish a real and immediate threat of future injury. *See Defenders of Wildlife*, 504 U.S. at 564 ("Such 'some day' intentions—without any description of concrete plans, or indeed even any specification of *when* the some day will be—do not support a finding of 'actual or imminent' injury that our cases require.").[6]

Besides her timeshare claim, Plaintiff, who lives in Martin County, has provided no specific plan to return to Defendant's property, has provided no information as to any personal or business connection to the area, and has provided no information as to whether she even visits or passes through the area with frequency or repetition. (Doc. No. 17 at pp. 7-8). The Court will not speculate as to Plaintiff's standing or cobble together facts to create standing for the Plaintiff. *See Shotz*, 256 F.3d at 1081. Plaintiff fails to allege plausibly that she intends to return to Defendant's property, and thus her vague claim to do so is merely speculative. Hence, Plaintiff fails to allege a real and immediate threat of future injury required to establish standing in ADA cases seeking injunctive relief. In dismissing Plaintiff's prior Complaint, the Court forewarned Plaintiff, who is represented by counsel, to consider the Court's analysis when drafting an amended complaint.

## III. CONCLSUSION

Based on the foregoing, it is **ORDERED** as follows:

1. Defendant's Motion to Dismiss Amended Complaint or in the Alternative for a More Definite Statement and Memorandum of Law in Support Thereof (Doc. No. 17), filed on December 1, 2011, is **GRANTED**.

[6] Additionally, Plaintiff alleges in vague terms that she plan to return to the property within the year at a time depending on the availability of a timeshared unit. (*See* Doc. No. 16 at ¶ 5). This only adds to the speculative nature of Plaintiff's alleged "real and immediate threat of future injury."

2. Plaintiff's Amended Complaint (Doc. No. 16) is **DISMISSED**.

3. The Clerk is **DIRECTED TO CLOSE** this case.

**DONE** and **ORDERED** in Orlando, Florida on April 6, 2012.

ANNE C. CONWAY
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties