# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**CONNIE STEELMAN,**

        **Plaintiff,**

**-vs-**                                               **Case No. 6:11-cv-1283-Orl-22KRS**

**RINGHAVER FUNDING, LLC,**

        **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **DEFENDANT'S MOTION FOR ATTORNEY'S FEES AND COSTS (Doc. No. 26)** |
| **FILED:** | **April 20, 2012** |

In the present motion, Defendant Ringhaver Funding, LLC ("Ringhaver") seeks an award of attorney's fees and litigation expenses as the prevailing Defendant in this case. It also suggests that the Court may, on its own motion, award fees and costs pursuant to Fed. R. Civ. P. 11(c). Finally, it seeks costs pursuant to Fed. R. Civ. P. 54(d).

Thomas Bacon, Esq., withdrew from representation of Plaintiff Connie Steelman before the motion was filed. Doc. No. 23. Barbra Joyner, Esq., withdrew from representation of Steelman after the motion was filed without responding to the motion. Doc. No. 34. Plaintiff Steelman requested and was given additional time to respond to the motion on her own behalf,

Doc. No. 40.  On August 22, 2012, Steelman belatedly filed her response to the motion.  Doc. No. 43.

**I.     PROCEDURAL HISTORY.**

On August 3, 2011, Steelman filed a complaint through Attorneys Bacon and Joyner alleging that Ringhaver violated the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181, *et seq.*, and the Florida Accessibility Code ("FAC"), at its property known as Champions World Resort.  Doc. No. 1.  Steelman alleged generally that she had visited the property "and plans to return to the property to avail herself of the goods and services offered to the public at the property, and to determine whether the property has been made ADA and FAC compliant."  *Id.* ¶ 5.

Ringhaver filed a motion to dismiss the complaint arguing, among other things, that Steelman's conclusory allegations were insufficient to show that she had standing to bring the case.  Doc. No. 11.  The Court granted the motion to dismiss finding that Steelman's allegations that she intended to return to the property were "conclusory and . . . insufficient to establish a real and immediate threat of future injury."  Doc. No. 15 at 5.  The Court further noted that "Plaintiff lives in Martin County and Champions World Resort is in Osceola County, and Plaintiff has provided no specific plan to return to Defendant's property, has provided no information as to any personal or business connection to the area, and has provided no information as to whether she even visits or passes through the area with frequency or repetition."  *Id.*  The Court also observed that "certain allegations of ADA violations as presented are completely vague and would fail to provide Defendant with sufficient notice of the claims against it."  *Id.* at 6 n. 2.  The Court gave

Steelman leave to file an amended complaint "if Plaintiff can do so consistent with the requirements of *Federal Rule of Civil Procedure* 11 . . . ." *Id.* at 7.

On November 17, 2011, Steelman, through Attorneys Bacon and Joyner, filed an amended complaint. Doc. No. 16. With respect to her intent to return to the property, Steelman alleged as follows: "Within the next year at a time depending on the availability of a timeshared unit, Plaintiff plans to return to the property for another personal vacation to avail herself of the goods and services offered to the public at the property and to determine whether the property has been made ADA and FAC complaint." *Id.* ¶ 5. Steelman did not allege, however, that Champions World Resort has timeshare properties.

Ringhaver filed a motion to dismiss the amended complaint, again arguing that the allegations were insufficient to establish standing. Doc. No. 17. The Court granted the motion. Doc. No. 25. The Court found that the allegations of the amended complaint were insufficient to establish that Steelman had standing to bring the claim because she did not allege that the property at issue was a timeshare property and she alleged "no specific plan to return to Defendant's property, . . . provided no information as to any personal or business connection to the area, and . . . provided no information as to whether she even visits or passes through the area with frequency or repetition." *Id.* at 6. Based on the Court's order, the case was closed on April 9, 2012.

**II.     ANALYSIS.**

   *A.     Sanctions Under Rule 11(c).*

Rule 11(c)(3) provides that a court may, on its own initiative, order an attorney or party to show cause why conduct specifically described in the order has not violated Rule 11(b). Rule 11(c)(5) provides that the Court may not impose a monetary sanction against a represented party

for violating Rule 11(b)(2). At the time the complaint and amended complaint were filed, Plaintiff Steelman was represented by counsel. Therefore Rule 11(c)(3) does not provide a basis for an award of attorney's fees to be paid by Steelman.

Ringhaver does not specifically seek an order requiring the attorneys who were counsel for Steelman who signed the complaint and amended complaint to be required to pay its attorney's fees. Further, the Court did not issue an order to show cause under Rule 11(c)(3) to the attorneys before the case was closed. Under these circumstances, Rule 11(c)(3) also does not provide a basis to order former counsel for Steelman to pay Ringhaver's attorney's fees. *See* Fed. R. Civ. P. 11(c)(5).[1]

      *B.*      *Attorney's Fees and Litigation Expenses Under the ADA.*

The ADA provides that a court may allow the prevailing party a reasonable attorney's fee, including litigation expenses, and costs. 42 U.S.C. § 12205. The first issue that must be addressed is whether Ringhaver is a "prevailing party." Ringhaver cites no authority establishing that it should be found to be a prevailing party under the ADA.

"To prevail, a party *must* be awarded *some relief* by a court." *Perry v. Orange County*, 341 F. Supp. 2d 1197, 1203 (M.D. Fla. 2004) (citing *Buckhannon Bd and Care Home, Inc. v. W. Va. Dep't of Health and Human Res.*, 532 U.S. 598, 603 (2001)). Steelman's complaint was dismissed for lack of standing. A dismissal for lack of standing has the same effect as a dismissal for lack of subject matter jurisdiction. Such a dismissal is not a judgment on the merits and is entered without prejudice. *See Stalley ex rel. United States v. Orlando Reg'l Health Care Sys.,*

---

[1] Ringhaver does not state that it served a motion pursuant to Fed. R. Civ. P. 11(b) on Steelman or her counsel as required by Rule 11(c)(2).

*Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008). Under these circumstances, Ringhaver has not been awarded relief by the Court sufficient to make it a prevailing party. *See Davis v. Jackson*, 776 F. Supp. 2d 1314, 1318 (M.D. Fla. 2011) (Defendant not "prevailing party" in Clean Water Act case because complaint was dismissed for lack of standing).

Because Ringhaver has not established that it is a prevailing party, its request for an award of fees and expenses under § 12205 is not well taken.

    *C.*    *Award of Costs.*

Ringhaver seeks an award of costs under Rule 54(d). Courts have found that because 28 U.S.C. § 1919 expressly covers an award of costs when a case is dismissed for lack of subject matter jurisdiction, Rule 54 does not apply. *See, e.g., Ali v. Prestige Window & Door Installation, LLC*, 626 F. Supp. 2d 1259, 1260 (S.D. Fla. 2009). The parties were permitted to submit supplemental briefing on this issue. Doc. Nos. 41, 42.

An award of costs under § 1919 is discretionary. *Ali*, 626 F. Supp. 2d at 1262. Section 1919 does not require that a party be considered a prevailing party in order to recover costs. *Id*. (citing *Daugherty v. Westminster Schools, Inc*., 174 F.R.D. 118, 122-23 (N.D. Ga. 1997)). "Just costs" under § 1919 are not limited to taxable costs, although the standards applied for awarding taxable costs may be helpful in determining what costs are just. *See Callicrate v. Farmland Indus., Inc.*, 139 F.3d 1336, 1339 (10th Cir. 1998).

Counsel for Ringhaver filed an affidavit in which she averred that Ringhaver spent $400.00 in fees of its expert witness. Doc. No. 37 ¶ 6. An expert witness is a reasonable expense in an ADA Title III case because issues of compliance with the ADA often require individuals with expertise. In her response to the motion, Steelman did not dispute the amount of costs sought

or present any legal or factual basis for denying an award of costs. Therefore, I recommend that the Court find that the $400.00 expert witness fee is a just cost under § 1919 that should be paid to Ringhaver.

## III. RECOMMENDATION.

For the reasons set forth above, I **respectfully recommend** that the Court **grant in part and deny in part** Defendant's Motion for Attorney's Fees and Costs (Doc. No. 26), **award** Defendant Ringhaver Funding, LLC, $400.00 in just costs and **direct** the Clerk of Court to enter judgment against Connie Steelman and in favor of Ringhaver Funding, LLC in that amount.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on September 5, 2012.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy